UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| PLAINTIFF, | : | CASE NO. 1:02-cv-367 |
| | : | (consolidated with 1:02-cv-359, |
| V. | : | 1:02-cv-388, 1:02-cv-431, and |
| | : | 1:02-cv-474) |
| REAL PROPERTY KNOWN AND | : | |
| NUMBERED AS 2467 LEGENDS WAY, | : | |
| CRESTVIEW HILLS, KENTON | : | |
| COUNTY, KENTUCKY , WITH ALL | : | |
| APPURTENANCES, IMPROVEMENTS, | : | |
| AND ATTACHMENTS THEREON, et al., | : | |
| DEFENDANTS. | : | |
| | : | |

## CONSENT JUDGMENT OF FORFEITURE

1. On June 12, 2000, the United States filed a Complaint for Forfeiture in Rem in Case Number 1:02-cv-431 against the real property known and numbered as 9550 Shore Drive, Units 839A and 839B, Sands Ocean Club III, Myrtle Beach, Horry County, South Carolina, with all appurtenances, improvements, and attachments thereon ("defendant property") pursuant to 18 U.S.C. § 981(a)(1)(C) which subjects to forfeiture any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of Title 18, or any property traceable to such transaction.

2. On June 26, 2002, the Court recognized its jurisdiction by issuing a Writ of Entry (Case No. 1:02-cv-431, Doc. 6).

3. On June 13, 2002, the Court consolidated Case Nos. 1:02-cv-367 (lead case) with 1:02-cv-359, and 1:02-cv-388 (Case No. 1:02-cv-359, Doc. 13; Case No. 1:02-cv-367, Doc. 7; Case No. 1:02-cv-388, Doc. 26). The Court later added Case Nos. 1:02-cv-474 and 1:02-cv-431

as related cases.

4. The United States gave statutorily and constitutionally sufficient notice of its intent to forfeit the defendant property in Case No. 1:02-cv-431 by certified mail notice (Docs. 9, 13-14).

5. Claimant, Richard Erpenbeck ("Erpenbeck"), filed a Claim to the defendant property in Case No. 1:02-cv-431 on August 30, 2002 (Doc 11).[1]

6. Claimant, Wells Fargo Home Mortgage ("Wells Fargo"), filed a Claim and Answer regarding the defendant property (Docs. 18 and19) in Case No. 1:02-cv-431 on December 4, 2002.

7. By way of a Stipulation and Order for Interlocutory Sale of Defendant Real Property, the United States has substituted for the defendant property, $181,923.45 in United States Currency (Case No. 1:02-cv-431, Doc. 40).

8. On April 4, 2007, Wells Fargo withdrew its Claim in 1:02-cv-431 due to payment from the proceeds of the sale of the defendant property.

9. The United States and Erpenbeck (collectively "the Parties") wish to avoid further litigation and to resolve to their mutual satisfaction their claims to the defendant property which has been sued by the United States in this civil judicial forfeiture action pursuant to the following terms:

A.     The United States shall, within 30 days of the entry of this Consent

Judgment of Forfeiture, direct the United States Marshals Service to send a

---

[1]Erpenbeck and the United States have continuously stipulated that he has additional time to file an Answer because of his cooperation with the United States in resolving this matter and other government related investigations. This Consent Judgment is filed in lieu of an Answer by Erpenbeck and the United States agrees not to contest Erpenbeck's standing in Case No. 1:02-cv-431.

check in the amount of $26,000.00, made payable to Erpenbeck and his attorney, Thomas D. Heekin, Jr., at 30 East Central Parkway, 1st Floor, Cincinnati, Ohio 45202, in full and final settlement of his claim in this civil forfeiture action.

B.      Erpenbeck agrees that all of his right, title, and interest in the defendant property is hereby forfeited to the United States, that he shall have no further interest in the property, and that he agrees to the entry of this Consent Judgment of Forfeiture to effectuate that forfeiture.

C.      Erpenbeck further agrees to the following terms constituting the release of his claims. Erpenbeck:

1. withdraws any claim he may have to the defendant property named in this civil forfeiture action, including, but not limited to any claim he may have to interest, costs, and attorney fees, with respect to the seizure and this forfeiture action;

2. agrees not to contest the forfeiture to the United States of the defendant property named in this civil forfeiture action as set forth in this Consent Judgment of Forfeiture;

3. agrees not to contest that there was reasonable and probable cause to seize the defendant property and to bring the forfeiture actions against the defendant property;

4. agrees that he did not substantially prevail in this civil forfeiture action against the defendant property;

3

5.   agrees to release and hold harmless the United States and its agencies

and any state or local agencies, their agents, servants, employees, and officers

acting in their individual or official capacities, from any and all claims, demands,

causes of action or suits, of whatever kind and description, and wheresoever

situated, that might exist or may arise as a result of the seizure, forfeiture action,

and/or settlement regarding the defendant property; and

6.   agrees that he shall bear his own attorney fees and related costs

associated with this Consent Judgment and civil forfeiture action.


Dated:    6-1-07

_____
DONETTA D. WIETHE (0028212)
Assistant United States Attorney
Attorney for Plaintiff
221 E. 4th Street, Suite 400
Cincinnati, Ohio 45202
Tel:  513-684-3711  Fax:  513:684-6972


Dated:    5-30-07

_____
THOMAS D. HEEKIN, JR.
817 Main Street, Suite 200
Cincinnati, Ohio 45202
Tel:  513-345-5560 Fax: 513-345-5565


4

I have read and understand the Consent Judgment of Forfeiture, including the Release of Claims, and have discussed it with counsel, and I knowingly and voluntarily agree to it:

Dated: _5-30-07_                                          _____

                                                         Richard Erpenbeck

It is therefore ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the defendant property is CONDEMNED and FORFEITED to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) . All right, title, and interest in the defendant property is vested in the United States of America and no right, title, or interest shall exist in any other person or entity. The United States Marshals Service shall dispose of the defendant property in accordance with the law.

_____

S. Arthur Spiegel
SENIOR UNITED STATES DISTRICT JUDGE